United States District Court
Southern District of Texas
FILED
FEB 2 3 2016
David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**TEXAS PRIDE TRAILERS, INC.**

*Plaintiff,*

Case Number:_____

v.

**TEXAS MADE TRAILERS, LLC**

*Defendant*

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff TEXAS PRIDE TRAILERS, INC. by and through the undersigned counsel brings this action against Defendant TEXAS MADE TRAILERS, LLC, on the grounds and the amounts set forth herein.

### I.   Introduction

From 2006 to the present date, Plaintiff has established a reputation for manufacturing and designing high quality low boy and deck over equipment trailers, dump, and roll off trailers. Plaintiff has established business relationships with a network of dealers and used direct sales to market Plaintiff's trailers nationwide.

Defendant is principally owned and controlled by DEVIN DEWAYNE DAVIS a former employee of Plaintiff. DEVIN DEWAYNE DAVIS left the employment of Plaintiff in approximately 2014, without warning or notice and started a competing enterprise, built primarily upon the Plaintiff's confidential and proprietary trade secret protected information. Upon information and belief, Defendant hired key employees of the Plaintiff, absconded with Plaintiff's

1

customer lists, billing information and dealer network information in order to gain an immediate and unfair advantage upon Plaintiff's business. Additionally, Defendant began immediately infringing upon Plaintiff's trademark logo. Defendant began employing the logo in a manner designed to not only reap the benefits of Plaintiff's reputation and standing in the trailer industry but also to unfairly compete with Plaintiff by confusing customers and Plaintiff's dealer network in a manner to suggest that Defendant's trailers are actually the product of the Plaintiff. In some cases, DEVIN DEWAYNE DAVIS even personally contacted Plaintiff's customers directly and advised them that Defendant's trailer business was the Plaintiff's trailer business, but simply operating under a new name. The Defendants have traded off of Plaintiff's established good will, infringed upon Plaintiff's exclusive federal and state trademark rights, and misappropriated Plaintiff's protected trade secrets. Given the resultant marketplace confusion and harm, as alleged more fully below, Plaintiff seeks injunctive and monetary relief from the Defendants for trade secret theft and trademark infringement.

## II. PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. 1331 and 15 U.S.C. Section 1125, et. seq. This court will also have supplemental jurisdiction over various non-federal claims that arise under 28 U.S.C. Section 1367.

2. Plaintiff is a corporation organized and existing under the laws of the State of Texas with its principal place of business located in Madisonville, Texas.

3. Defendant TEXAS MADE TRAILERS, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located in Huntsville, Texas.

4. DEVIN DEWAYNE DAVIS is a natural person who is a resident of Huntsville, Texas.

5. All material events occurred in Madisonville, Texas.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because both of the Defendants are residents of this District.

7. Both Plaintiff and Defendant are under the jurisdiction of the Southern District of Texas.

## MATERIAL ALLEGATIONS

8. Plaintiff is manufacture of high quality low boy and deck over equipment trailers, dump, and roll off trailers.

9. Plaintiff has continually used the trademark (See, Attachment A) in connection with the furtherance of his business and said mark identifies and distinguishes Plaintiff's business from other trailer manufactures.

10. Defendant has, from the inception of Defendant's business, used a mark that is intentionally designed to mimic and imitate Plaintiff's business and to cause confusion in the trailer industry by inducing consumers to purchase Defendant's product by misleading consumers. (See, Attachment B).

11. The trademark identified in Attachment A is the intellectual property of Plaintiff. Said mark is distinctive and it identifies Plaintiff as the source of Plaintiff's trailers. Plaintiff's mark suggests the characteristics and quality of Plaintiff's product and said mark is long established and recognized as belonging to Plaintiff.

12. The artwork identified in Attachment A has been infringed upon for commercial purposes by Defendant.

13. Defendant is operating without a license to sell trailers in Texas.

14. DEVIN DEWAYNE DAVIS was a former employee of Plaintiff until His 2014. DEVIN DEWAYNE DAVIS's brother, Derek Davis was employed by the Plaintiff until on or about April 2015. Derek Davis stole Plaintiff's customer records and sales records in went to work for the Defendant.
15. On or about December 2014, Defendant used a wholesale price list that included photos of Plaintiff's trailers.
16. Defendant has chosen to imitate and use a mark that is virtually identical to Plaintiff's and Defendant's use of such a mark and Defendant's infringement upon Plaintiff's work creates a substantial likelihood of confusion.
17. Defendant did not have Plaintiff's permission to use Plaintiff's above referenced mark or to imitate Plaintiff's mark at any time.
18. Defendant does not hold any license to use Plaintiff's trademark.
19. Defendant did not hold any license to use Plaintiff's trademark.
20. Defendant has infringed upon Plaintiff's trademark for commercial purposes and to gain an unfair advantage on Plaintiff by confusing the public.
21. Defendant's actions were willful and with disregard for Plaintiff's intellectual property rights that arise from Plaintiff's trademark.
22. Plaintiff notified the Defendants to cease and desist using their marks and intellectual property but Defendants continue to use them.
23. Defendants have tarnished, and will, unless enjoined, continue to tarnish, Plaintiff's trademarks by undermining and damaging the valuable goodwill associated therewith.
24. Defendant's actions, as set forth above, have infringed on Plaintiff's valid and legally protectable trademarks.

25. Defendant's infringement upon Plaintiff's trademarks without Plaintiff's permission, consent and without any legal authority or right.

26. Defendant's infringement upon Plaintiff's trademark, constitutes willful and ongoing infringement on the part of Defendant, against Plaintiff's intellectual property rights and Defendant's complained of actions and conduct violates 15 U.S.C. § 1125(a)

### Count II Misappropriation of Trade Secrets

27. Plaintiff has compiled valuable and proprietary information and trade secrets, including but not limited to, proprietary painting techniques, vendor lists, customer lists, billing information and dealer network information.

28. Plaintiff has a competitive advantage over others in its industry because Plaintiff has developed such information that is not generally known or readily available to the general public.

29. Defendant acquired knowledge of Plaintiff's trade secrets through a relationship of trust and confidence with Plaintiff that gave rise to a duty of confidentiality. Defendant, however, violated the duty of confidentiality by using Plaintiff's trade secrets for their own benefit and to Plaintiff's detriment.

30. Plaintiff seeks all actual, special, consequential, and compensatory damages resulting from this misappropriation including, but not limited to, lost profits. Plaintiff also seeks an Order from this Court that Defendant disgorge all monies received by them through the unlawful conduct described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A.   Finding that:

  (i) Defendant has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

  (ii) Defendant has engaged in trademark infringement and unfair competition under the common law of Texas;

  (iii) Defendant has violated Section 16.103 of the Texas Business and Commercial Code;

  (iv) Defendant has been unjustly enriched in violation of Texas common law.

B.   Granting an injunction and permanently enjoining Defendant its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

  (i) engaging in any activity that infringes Plaintiff's rights in its trademark and trade secrets;

  (ii) engaging in any activity constituting unfair competition against the Plaintiff;

  (iii) engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's intellectual property;

  (iv) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendant's goods or services are in any manner

approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with the Plaintiff's goods and services;

(v) using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

(vi) registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the trademark or trade dress of the Plaintiff or any other mark that infringes or is likely to be confused with the Plaintiff as their source; and

(vii) aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vi).

C. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or are connected with Plaintiff's goods or services.

D. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Plaintiff's

trademark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of

E.    Directing Defendant to formally abandon with prejudice any and all of its applications to register any mark consisting of, incorporating or containing Plaintiff's trademark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

F.    Directing Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

G.    Directing that Defendant account to and pay over to Plaintiff all profits realized by and all damages caused by its wrongful acts the amount of which exceeds $75,000, enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

H.    Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

I.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

J.    Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted on 19th day of February 2016.

**/s/ Lisa Wilcox**
By: _____
Lisa R. Wilcox, Esquire
FBN: 697291
Wilcox Law, P.A.
721 First Avenue North, Suite 100
St. Petersburg, Florida 33701
888-945-2695
lisa@wilcoxlawpa.com
Co-counsel for Plaintiffs

**/s/ W. John Gadd**
By: _____
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com
Co-counsel for Plaintiffs

# Attachment A



Hide imagery

as Pride Trailers    Texas Pride Trailers    Texas Pride Trailers    Texas Pride Trailers

Image capture: Aug 2015   Photos are copyrighted by their owners   Terms   Privacy

# ATTACHMENT B

