IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TEXAS PRIDE TRAILERS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. No. **4:16-cv-00473** |
| | § | |
| **TEXAS MADE TRAILERS, L.L.C.** and | § | |
| **DEVIN DEWAYNE DAVIS,** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER, FRCP 12 MOTIONS, JURY DEMAND & COUNTERCLAIM

COME NOW, Defendants, **Texas Made Trailers, L.L.C.** and **Devin Dewayne Davis**, and file this their First Amended Answer to the Original Complaint of Plaintiff, **Texas Pride Trailers, Inc.**, Motions under Rule 12 of the Federal Rules of Civil Procedure and Jury Demand, and the Counterclaim of Defendant/Counter-Plaintiff, **Texas Made Trailers, L.L.C.**, and allege as follows upon information and belief:

### FIRST DEFENSE

Pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, Defendants assert that Plaintiff's complaint against Mr. Davis should be dismissed for insufficient process and/or insufficient service of process.   Specifically, this Court did not issue summons to Mr. Davis, Mr. Davis was not personally served with process, and Mr. Davis did not waive service of process.   Mr. Davis only learned of this action through Texas Made Trailers, L.L.C. ("Texas Made") and discovered that his name appears in Paragraph 4 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue," although he is not described as a defendant in the preamble or introduction of the complaint.   At this stage, Mr. Davis submits that there is confusion

as to whether or not he is a defendant in this action, which is compounded by service not being issued and his not being served with process.  Mr. Davis is prejudiced by same because he is unable to adequately prepare a defense of this action nor identify the claim against him.  Accordingly, process is insufficient and/or process is defective, and this action should be dismissed against him.

## SECOND DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants assert that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendants move for a more definite statement of Plaintiff's complaint because the complaint is so vague and ambiguous that Mr. Davis cannot file a responsive pleading.  Specifically, Mr. Davis' name appears in Paragraph 4 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue," although he is not described as a defendant in the preamble or introduction of the complaint. Further, the singular and plural of defendant are used interchangeably throughout Plaintiff's complaint.  At this stage, Mr. Davis submits that there is confusion as to whether or not he is a defendant in this action, and Mr. Davis is unable to adequately prepare a defense of this action nor identify the claim against him.  Accordingly, Defendants seek an order requiring Plaintiff to amend its complaint with a more definite statement of the suit.

## FOURTH DEFENSE

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants answer the specific allegations of Plaintiff's complaint as follows:

I.

Defendants deny that "[f]rom 2006 to the present date, Plaintiff has established a reputation for manufacturing and designing high quality low boy and deck over equipment trailers, dump, and roll off trailers," and, except as so denied, lack knowledge and information sufficient to form a belief as to the remaining allegations contained in the first paragraph of page 1 of Plaintiff's complaint under the heading "I. Introduction."

II.

Defendants admit that Mr. Davis is an owner of Texas Made, and, except as so admitted, deny the remaining allegations contained in the second paragraph of page 1 of Plaintiff's complaint under the heading "I. Introduction."

III.

Defendants admit that the claim as stated falls within this Court's subject matter jurisdiction, and, except as so admitted, deny the remaining allegations contained in Paragraph 1 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

IV.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

V.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

VI.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

3

VII.

Defendants deny the allegations contained in Paragraph 5 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

VIII.

Defendants admit that venue is proper, and, except as so admitted, deny the remaining allegations contained in Paragraph 6 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

IX.

Defendants admit to personal jurisdiction, and, except as so admitted, deny the remaining allegations contained in Paragraph 7 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

X.

Defendants admit that Plaintiff manufactures trailers, and, except as so admitted, deny the remaining allegations contained in Paragraph 8 of Plaintiff's complaint under the heading "Material Allegations."

XI.

Defendants deny that the image contained in Attachment A to Plaintiff's complaint is capable of functioning as a trademark under the trademark laws of the United States, and, except as so denied, lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of Plaintiff's complaint under the heading "Material Allegations."

4

XII.

Defendants deny the allegations contained in Paragraph 10 of Plaintiff's complaint under the heading "Material Allegations."

XIII.

Defendants deny the allegations contained in Paragraph 11 of Plaintiff's complaint under the heading "Material Allegations."

XIV.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's complaint under the heading "Material Allegations."

XV.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's complaint under the heading "Material Allegations."

XVI.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's complaint under the heading "Material Allegations."

XVII.

Defendants deny the allegations contained in Paragraph 15 of Plaintiff's complaint under the heading "Material Allegations."

XVIII.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's complaint under the heading "Material Allegations."

XIX.

Defendants deny that the image contained in Attachment A to Plaintiff's complaint is capable of functioning as a trademark under the trademark laws of the United States but admit that Plaintiff did not grant permission, and, except as so admitted, deny the remaining allegations contained in Paragraph 17 of Plaintiff's complaint under the heading "Material Allegations."

XX.

Defendants deny that the image contained in Attachment A to Plaintiff's complaint is capable of functioning as a trademark under the trademark laws of the United States but admit that Plaintiff granted no license, and, except as so admitted, deny the remaining allegations contained in Paragraph 18 of Plaintiff's complaint under the heading "Material Allegations."

XXI.

Defendants deny that the image contained in Attachment A to Plaintiff's complaint is capable of functioning as a trademark under the trademark laws of the United States but admit that Plaintiff granted no license, and, except as so admitted, deny the remaining allegations contained in Paragraph 19 of Plaintiff's complaint under the heading "Material Allegations."

XXII.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's complaint under the heading "Material Allegations."

XXIII.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's complaint under the heading "Material Allegations."

### XXIV.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's complaint under the heading "Material Allegations."

### XXV.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's complaint under the heading "Material Allegations."

### XXVI.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's complaint under the heading "Material Allegations."

### XXVII.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's complaint under the heading "Material Allegations."

### XXVIII.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's complaint under the heading "Material Allegations."

### XXIX.

Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's complaint under the heading "II. Misappropriation of Trade Secrets."

### XXX.

Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

## XXXI.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

## XXXII.

To the extent required by Rule 8(b), Defendants deny the allegations contained in Paragraph 30 of Plaintiff's complaint under the heading "II. Parties, Jurisdiction and Venue."

## XXXIII.

To the extent required by Rule 8(b), Defendants deny the allegations contained in the paragraph contained in Plaintiff's complaint under the heading "Prayer for Relief" and beginning with the word "WHEREFORE."

## FIFTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of waiver.

## SIXTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of laches.

## SEVENTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of estoppel.

## EIGHTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of quasi-estoppel.

## NINTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of failure to satisfy condition precedent.

## TENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of failure to mitigate.

## ELEVENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of failure to unclean hands.

## TWELFTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of preemption under the Trademark Act, 15 U.S.C. §§ 1051, *et seq.*

## THIRTEENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of independent discovery.

## FOURTEENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of shop-right doctrine.

## FIFTEENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that all or part of the image contained in Attachment A to Plaintiff's complaint is generic for the goods and services in connection with which it is used.

## SIXTEENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that Texas Made's use of all or part of the elements of Plaintiff's alleged mark constitutes fair descriptive use.

## SEVENTEENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that they acted innocently at all times, and, therefore, Plaintiff cannot recover profits for any alleged infringement.

## EIGHTEENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that Defendants infringed on Plaintiff's trademark. Specifically, Defendants deny that Texas Made used/uses a colorable imitation of Plaintiff's alleged trademark designation and then selling in interstate commerce a mark bearing Plaintiff's alleged trademark.

## NINETEENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that the alleged infringement, if any, was not willful.

## TWENTIETH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that the alleged trademark made the subject of Plaintiff's complaint is not the trademark registered by Plaintiff with the United States Patent and Trademark Office.

## TWENTY-FIRST DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that the alleged trademark made the subject of Plaintiff's complaint has been abandoned.

## TWENTY-SECOND DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense of acquiescence.

## TWENTY-THIRD DEFENSE

Pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint the affirmative defense that the alleged confidential information constitutes the general skills, knowledge and experience of Mr. Davis.

## TWENTY-FOURTH DEFENSE

Pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, Defendants object to Plaintiff's complaint for failure to prosecute in the name of the real party in interest, and request that, after a reasonable time is allowed for the real party in interest to ratify, join or be substituted

into the action, that the Court dismiss the Plaintiff's claim against Defendants. Specifically, Plaintiff is not the real party in interest and owner of the alleged trademark and trade secrets and/or the former employer of Mr. Davis.

**TWENTY-FIFTH DEFENSE**

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiffs' complaint that Texas Made is the owner of a valid registration such that Plaintiff's claim is barred under 15 U.S.C. § 1125(c)(6).

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury.

**COUNTERCLAIM**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Texas Made, Defendant/Counter-Plaintiff herein, complains of Plaintiff/Counter-Defendant, Texas Made Trailers, L.L.C., and alleges as follows upon information and belief:

**A. Parties**

1.      Texas Made is a domestic for-profit corporation with its principal place of business located 1097 Highway 190 East, Huntsville, Walker County, Texas 77340. Texas Made has appeared and answered.

2.      Texas Pride Trailers, L.L.C. ("Texas Pride") is a domestic limited liability company with its principal place of business located at 1241 Interstate 45, Madisonville, Madison County, Texas 77864.

12

**B.  Jurisdiction**

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, because the suit arises under 15 U.S.C. § 1114, *et seq.*  and 15 U.S.C. § 1125, *et seq.*

**C.  Venue**

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District.

**D.  Conditions Precedent**

5.      All conditions precedent have been performed or have occurred.

**E.  Facts**

6.      Texas Made is in the business of manufacturing trailers; Texas Pride is in the business of manufacturing trailers.

7.      Texas Made is the owner of the trademarks (a) "Tough as Texas," United States Patent and Trademark Office ("USPTO") Serial No. 86624656, Filing Date: May 11, 2015, published for opposition on March 22, 2016 and registered on June 7, 2016, and (b) "Texas Made Trailers," USPTO Serial No. 86670813, Filing Date: June 23, 2015, published for opposition on February 23, 2016 and registered on May 10, 2016.  These registrations are valid and subsisting.

8.      Texas Made has continuously used the "Tough as Texas" mark in connection with the manufacture of trailers since March 17, 2015 and the "Texas Made Trailers" mark in connection with the manufacture of trailers since January 1, 2015.

9.      Texas Made's trademarks are inherently distinctive, as separately and collectively, as they neither serve as a name for the products themselves nor describe any quality, characteristic or ingredient of the products.

10.     Texas Made has used and promoted its trademarks in advertising and promotion. As a result of extensive use and promotion of the marks, Texas Made's marks have acquired a favorable reputation to consumers as an identifier and symbol of Texas Made and its products and goodwill.  Accordingly, the marks are strong and entitled to broad protection.

11.     Texas Made continues to invest substantial sums in promoting its products offered its trademarks.

12.     Despite limitless other marks that Texas Pride could have chosen Texas Pride wrongfully appropriated marks identical Texas Made's trademarks, without Texas Made's permission.  Specifically, commencing in or around July of 2015 and continuing to date, Texas Pride utilized for its products (trailers) the marks: (a) "Texas Made.  Texas Tough," and (b) "Built Texas Tough."

13.     Texas Pride's wrongful activities are willful for the following reasons:

     a.     Texas Pride chose a trademark identical to Texas Made's trademarks, even though the most rudimentary trademark search would have revealed Texas Made's federal registrations for the identical mark for identical types of products; and/or

     b.     Texas Pride has continued to use the confusingly similar designation after being notified of Texas Made's prior rights to the trademarks.

### F.  Count 1 – Trademark Infringement under the Lanham Act

14.     Texas Pride's unauthorized use of the trademarks falsely indicates to consumers that Texas Pride's trailers originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Texas Made or are otherwise associated with Texas Made's trailers.

15.      Texas Pride's unauthorized use of the trademarks in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Texas Pride with Texas Made.

16.     Defendant's actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

### G.     Count 2 – Unfair Competition under the Lanham Act

17.     Texas Pride's actions, as described above, constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

### Count 3 – Common Law Unfair Competition

18.     Texas Pride's acts, as described above, constitute unfair competition under the common law of the State of Texas.

### H.  Count 4 – Request for Preliminary Injunction

19.     Texas Made seeks to enjoin Texas Pride and its agents and representatives from using the trademarks for Texas Pride's trailers during this action because this activity infringes Texas Made's trademarks.

20.     There is a substantial likelihood that Texas Made will prevail on the merits.

21.     If the Court does not grant a preliminary injunction, Texas Pride will continue its activities that infringe Texas Made's trademarks.

22.     Texas Made will likely suffer irreparable injury if the Court does not enjoin Texas Pride from infringing on Texas Made's trademark because Texas Made's trademarks will suffer from dilution or generic use.

23.     Texas Pride will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.   And, issuance of a preliminary injunction for hearing at the earliest possible time, and, after hearing the request, to issue a preliminary injunction against Texas Pride.

### I.  Damages

24.     As a direct and proximate result of Texas Pride's conduct, Texas Made suffered the following damages:

      a.     Actual damages;

      b.     Damages as allowed under 15 U.S.C. §§ 1114, 1117 & 1125; and

      c.     Enhanced damages for willful infringement.

25.     Texas Pride knew that its unauthorized use of trademarks confusingly similar to Texas Made's would result in a benefit to Texas Pride.

26.     Texas Pride's unauthorized use of the trademarks has unjustly enriched Texas Pride at the expense of Texas Made's reputation and goodwill.

## J.  Attorneys' Fees

27.     This is an exceptional case, and Texas Made is entitled to an award of attorney fees under 15 U.S.C. § 1117(a).

WHEREFORE, Defendants pray that Plaintiff's complaint be dismissed in its entirety, and that, on final trial, Defendants have:

a.     Judgment that Plaintiff take nothing;

b.     Judgment that Plaintiff, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

    1)     Using the designation "Texas Made. Texas Tough" and "Built Texas Tough," or any other confusingly similar designation, in connection with the promotion, advertising, or offering of trailers;

    2)     Competing unfairly with Texas Made in any manner, including unlawfully adopting or infringing on Texas Made's trademarks or adopting or using any other marks or designations that are confusingly similar to Texas Made's trademarks;

    3)     Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (1) and (2) above.

16

c.      Judgment that Plaintiff, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the designation "Texas Made. Texas Tough" and "Built Texas Tough," or any other confusingly or substantially similar mark, and all materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118;

d.      Judgment that Plaintiff file with the Court and serve on Texas Made, within 30 days after the entry and service on Plaintiff of an injunction, a report in writing and under oath stating in detail the manner and form in which Plaintiff has complied with the provisions of subparagraphs b and c above;

e.      Judgment that Texas Made recover all damages it has sustained as a result of Plaintiff's infringement and unfair competition as allowed under 15 U.S.C. §§ 1114, 1117 & 1125;

f.      Judgment that Texas Made be awarded treble damages under 15 U.S.C. § 1117(b);

g.      Judgment that an accounting be directed to determine Plaintiff's profits resulting from its infringement and unfair competition and that the profits be paid over to Texas Made, increased as the Court determines is appropriate to the circumstances of this case;

h.      Judgment declaring this case an exceptional case and awarding Texas Made reasonable attorney fees for prosecuting this suit under 15 U.S.C. §1117(a);

i.      Judgment that Texas Made recover its costs of this suit and prejudgment and postjudgment interest; and

j.      Judgment awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NICHAMOFF LAW, P.C.**

/s/ Seth A. Nichamoff
Seth A. Nichamoff
Attorney-in-Charge
Texas State Bar No. 24027568
Federal I.D. No. 27002
2444 Times Boulevard, Suite 270
Houston, Texas 77005
Telephone: (713) 503-6706
Facsimile: (713) 360-7497
seth@nichamofflaw.com

　　　-and-

**CANTRELL, RAY & BARCUS, L.L.P.**

J. Hans Barcus
Texas State Bar No. 007793302
P.O. Box 1019
Huntsville, Texas 77340
Telephone: (936) 730-8541
Facsimile: (936) 730-8535
hans@crblawyers.com

**ATTORNEYS FOR DEFENDANTS
TEXAS MADE TRAILERS, L.L.C.
AND DEVIN DEWAYNE DAVIS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Thursday, June 23, 2016, a true and correct copy of the foregoing was forwarded to the following counsel of record pursuant to the Federal Rules of Federal Procedure and the Local Rules of the United States District Court for the Southern District of Texas.

| | |
|---|---|
| Lisa R. Wilcox, Esq.<br>Wilcox Law, P.A.<br>721 First Avenue North, Suite 100<br>St. Petersburg, Florida 33701<br>lisa@wilcoxlawpa.com | W. John Gadd, Esq.<br>Bank of America Building<br>2727 Ulmerton Road, Suite 250<br>Clearwater, Florida 33762<br>wig@mazgadd.com |

/s/ Seth A. Nichamoff_____
Seth A. Nichamoff